# IN THE UNITED STATES DISTRICT COURT
# FOR THE _____ DISTRICT OF TEXAS
# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 0 6 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| GWENDOLYN MARIE CHENAULT, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DENISE COLLINS, in her individual and official capacities; | § § | |
| SEAN TEARE, District Attorney, in his individual and official capacities; | § § | |
| CHRISTINA PLATTER, Prosecuting Attorney, in her individual and official capacities; | § § | |
| CARL A. MOORE, in his individual capacity; | § § | |
| NATHAN OSCHNER, Federal Court Clerk, in his individual and official capacities, | § § § | |
| Defendants. | § | |

## CIVIL RIGHTS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND DEMAND FOR JURY TRIAL

Plaintiff Gwendolyn Marie Chenault ("Plaintiff") files this civil rights action to stop and remedy an ongoing, coordinated deprivation of fundamental constitutional rights: the right to counsel of choice and/or self-representation, the right to be heard, the right to discovery necessary for a fair trial, the right to confidential attorney-client communications, and the right of access to courts. Plaintiff seeks prospective declaratory and injunctive relief to end ongoing constitutional obstruction, and damages where not barred by immunity.

I.   JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343, and the Court's inherent power to protect access to its jurisdiction and filings.

2. The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Harris County, Texas, and Defendants reside and/or perform official duties here.

II.   PARTIES

4. Plaintiff is an individual residing in Harris County, Texas.

5. Defendant Denise Collins is a state judge in Harris County, Texas, sued in her official capacity for prospective relief and in her individual capacity for actions outside lawful authority and/or non-judicial acts.

6. Defendant Sean Teare is the District Attorney for [Harris] County, sued in official and individual capacities.

7. Defendant Christina Platter is a prosecuting attorney in [Harris] County, sued in official and individual capacities.

8. Defendant Carl A. Moore is an attorney who purported to represent Plaintiff, was compensated, and is sued in his individual capacity.

9. Defendant Nathan Oschner is a federal court clerk/employee sued in official capacity for prospective relief and in individual capacity for ultra vires obstruction of access to court.

III. FACTUAL ALLEGATIONS (ONGOING CONSTITUTIONAL OBSTRUCTION)

A. The Court's pre-announced refusal to hear motions and stated intent to "ignore" filings.
10. On February 5, 2026, Defendant Judge Collins stated in open court that she would not hear Plaintiff's pro se motions while Plaintiff "had counsel," and explicitly stated she would "ignore" Plaintiff's pro se motions, including: (i) Motion for Complete Discovery, (ii) Motion to Compel Discovery, and (iii) Motion for Sanctions.

11. This is not a discretionary case-specific ruling on merits; it is a pre-announced policy of refusing to adjudicate and refusing to provide a forum to be heard.

B. Plaintiff terminated counsel; the Court refused withdrawal while using "counsel exists" to block Plaintiff.
12. Plaintiff terminated Carl A. Moore in writing via motion and provided notice by text.

13. Judge Collins instructed that counsel could not withdraw, and then used the continued label "counsel" as the basis to refuse to hear Plaintiff's pro se motions—creating a procedural trap: Plaintiff is denied counsel of choice and denied the right to be heard.

C. No reliable record provided for constitutionally significant rulings.
14. Despite the constitutional magnitude of the foregoing statements and rulings, no court reporter record/transcript has been produced, obstructing accountability and review.

D. Counsel nonperformance, missed settings, and coercive plea posture.
15. Carl A. Moore admitted he has filed no motions since August 2024.

16. Moore missed the last three court appearances and was extremely late on February 5, 2026.

17. The underlying matter was dismissed in July 2025 and refiled days later; therefore, in the refiled case Moore has filed no substantive motions to defend Plaintiff while accepting compensation to provide a defense.

E. Compromised attorney-client privilege and exposure of confidential defense materials.
18. Moore failed to secure attorney-client confidential conditions and allowed a State's witness to have access to and/or listen to privileged communications and/or access client materials, destroying confidentiality and impairing defense strategy.

F. Prosecutorial misconduct and malicious prosecution posture.
19. Defendants Teare and Platter knowingly proceeded on a re-prosecution and continued prosecution while defense representation was functionally absent, discovery motions were being "ignored," and privilege was compromised.

20. Defendants Teare and Platter acted in concert with the ongoing obstruction by exploiting nonperformance and opposing/benefitting from the Court's refusal to hear defense motions.

G. Federal clerk obstruction of removal / access to federal court.
21. Plaintiff attempted to file a Notice of Removal and/or related initiating documents in federal court. Defendant Oschner refused to accept and file the documents, blocking access to federal jurisdiction and the right to invoke statutory removal procedures and judicial review.

22. This refusal was not a neutral docketing correction; it operated as a barrier to entry and a denial of access to court.

IV.   EXHAUSTION / ABSTENTION ALLEGATIONS

23. Plaintiff faces ongoing irreparable injury: inability to be heard, inability to obtain discovery, compromised privilege, and coerced plea pressure in the absence of meaningful defense.

24. Plaintiff seeks primarily prospective relief to stop ongoing obstruction and preserve a forum for constitutional adjudication; Plaintiff also seeks damages only where not barred by immunity.

25. The relief requested does not ask this Court to decide guilt/innocence; it asks the Court to stop systemic constitutional obstruction and ensure access to courts and a neutral forum.

V.   CAUSES OF ACTION

COUNT 1 – 42 U.S.C. § 1983: Denial of Due Process / Neutral Tribunal (Judge Collins)
26. Plaintiff incorporates ¶¶ 1–25.

27. By pre-announcing refusal to hear and an intent to "ignore" motions, and by implementing that refusal as a practice, Judge Collins deprived Plaintiff of due process, a meaningful opportunity to be heard, and an impartial tribunal.

28. To the extent these acts constitute non-judicial conduct (administrative policy of blanket refusal to accept/adjudicate) and/or acts in clear absence of jurisdiction to deny access to adjudication, immunity does not bar prospective relief and does not protect ultra vires acts.

Relief sought under Count 1: declaratory judgment, prospective injunctive relief, costs, and attorneys' fees

COUNT 2 – 42 U.S.C. § 1983: Denial of Counsel of Choice / Forced Counsel Trap (Collins; Teare; Platter)
29. Plaintiff incorporates ¶¶ 1–28.

30. Plaintiff terminated Moore. The State court's forced-counsel posture combined with refusal to hear pro se motions denied Plaintiff counsel of choice and/or self-representation, and denied access to adjudication.

31. The prosecution's knowing participation and exploitation of this posture constitutes action under color of law contributing to deprivation of constitutional rights.

COUNT 3 – 42 U.S.C. § 1983: Denial of Access to Courts (Collins; Oschner; Teare; Platter)
32. Plaintiff incorporates ¶¶ 1–31.

33. Judge Collins' refusal to hear/consider motions and refusal to provide a record obstructs access to meaningful judicial review.

34. Clerk Oschner's refusal to accept and file removal-related documents obstructed Plaintiff's access to federal court.

35. Prosecutors' conduct in concert with these obstructions contributed to denial of access.

COUNT 4 – 42 U.S.C. § 1983: Brady/Giglio / Discovery Obstruction (Teare; Platter; Collins)
36. Plaintiff incorporates ¶¶ 1–35.

37. Defendants' refusal to produce required discovery and the Court's refusal to hear the defense motions seeking discovery and sanctions deprived Plaintiff of a fair process and undermined the ability to prepare a defense.

COUNT 5 – 42 U.S.C. § 1983: Conspiracy / Joint Action (Moore with State Actors)
38. Plaintiff incorporates ¶¶ 1–37.

39. Although Moore is a private attorney, he acted as a willful participant in joint action with State actors by facilitating privilege compromise, failing to file any defensive motions in the refiled case while paid, missing settings, and assisting the State's coercive plea posture—acts that functioned to deprive Plaintiff of constitutional protections.

40. Moore's conduct, combined with the prosecutors' knowing exploitation and the Court's refusal to allow Plaintiff to be heard, constitutes coordinated action causing constitutional injury.

COUNT 6 – State-law claims (pleaded in the alternative)
41. Plaintiff incorporates ¶¶ 1–40.

42. Against Moore: breach of fiduciary duty, professional negligence, fraud/fee forfeiture, and breach of contract (as applicable).

43. Against all Defendants (as applicable): civil conspiracy and intentional infliction of harm, to the extent not barred and to the extent immunity does not apply.

VI.   REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff requests declarations that:

A. A blanket refusal to hear/consider defense motions and a stated intent to "ignore" such motions violates due process and access to courts.

B. Plaintiff's constitutional rights are being deprived by the forced-counsel trap and refusal to provide a meaningful hearing.

Plaintiff requests preliminary and permanent injunctions:

1) Enjoining ongoing refusal to accept, consider, and rule on Plaintiff's properly filed motions;

**PLAINTIFF'S INDEX OF EXHIBITS**

**Estate of Gwendolyn Marie Chenault v. Collins, Platter, Moore, Teare, Oschner**
**U.S. District Court – Southern District of Texas**

**Exhibit A – Motion to Discharge Counsel (Filed Jan 6, 2026)**

Plaintiff lawfully moved to discharge Carl Moore due to conflict of interest and irreparable breakdown. The court took no action.

**Exhibit B – Pro Se Motion for Discovery (Filed Jan 6, 2026)**

Motion submitted by Plaintiff requesting material facts and disclosures while proceeding pro se. Supports claims of being denied tools for meaningful defense.

**Exhibit C – Notice of Special Restricted Appearance (Filed Jan 6, 2026)**

A limited appearance "De Bene Esse," reserving rights and challenging the court's subject matter jurisdiction, service, and standing.

**Exhibit D – Motion to Withdraw by Carl Moore (Filed Jan 27, 2026)**

Carl Moore confirmed the attorney-client relationship was broken and he could not effectively represent Plaintiff.

**Exhibit E – Motion to Strike State's Notice of Intent to Use Defendant's Statements (Filed Feb 4, 2026)**

Plaintiff objects to use of alleged statements absent production of original recording, citing lack of counsel and defective notice.

**Exhibit F – Application of Process Objection (Filed Feb 5, 2026)**

Legal notice objecting to process and challenging court's authority. (Due Process) and (Conspiracy).

**Exhibit G – Clerk Docket List of All Filings**

Chronological record showing all Plaintiff's filings and lack of action by the court — supports procedural suppression and pattern of denial.

**Exhibit H – Application of Process: Emergency Motion to Recuse**

Legal notice requesting a STAY of all proceedings.

2) Requiring that proceedings affecting Plaintiff's constitutional rights be recorded and preserved;

3) Compelling federal clerk acceptance and docketing of removal-related submissions where legally permissible, or requiring issuance of a written rejection order with reasons sufficient for review.

VII. DAMAGES

44. Plaintiff seeks compensatory damages, presumed damages where applicable, and punitive damages against Defendants in their individual capacities where immunity does not apply.

VIII. ATTORNEYS' FEES AND COSTS
45. Plaintiff seeks costs and fees under 42 U.S.C. § 1988 where available, and all other lawful relief.

IX. JURY DEMAND
Plaintiff demands a trial by jury on all claims so triable.

PRAYER
WHEREFORE, Plaintiff requests judgment as follows:
(1) Declaratory relief;
(2) Preliminary and permanent injunctive relief;
(3) Damages where not barred by immunity;
(4) Costs and fees where available; and
(5) Any other relief the Court deems just and proper.

Respectfully submitted,

*Gwendolyn-Marie:Chenault*
GWENDOLYN MARIE CHENAULT   UCC 1-378
Plaintiff, Pro Se


VERIFICATION
I declare under penalty of perjury that the facts stated in this Complaint are true and correct to the best of my knowledge.

Executed on ___Feb 6___, 2026, at ___Harris___, Texas.

*Gwendolyn-Marie:Chenault*
GWENDOLYN MARIE CHENAULT   UCC 1-378

Address: 22522 Auburn Valley Lane   Katy TX 77449
Phone: 832 302 5242
Email: chenault.estate@proton.me