United States District Court
Southern District of Texas

**ENTERED**

July 07, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GWENDOLYN MARIE CHENAULT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:26-cv-969 |
| DENISE COLLINS, *et al.*, | § § § | |
| Defendants. | § | |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the Court[1] are Defendant Carl A. Moore II's ("Moore") Motions to Dismiss (ECF Nos. 23–24), Defendant Judge Denise Collins' ("Judge Collins") Motion to Dismiss (ECF No. 32), Defendants Sean Teare ("Teare") and Cristina Platter's ("Platter") Motion to Dismiss (ECF No. 33), and Defendant Nathan Ochsner's ("Ochsner") Motion to Dismiss (ECF No. 34). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Moore's Motions to Dismiss (ECF Nos. 23–24), Judge Collins' Motion to Dismiss (ECF No. 32), Teare and Platter's Motion to Dismiss (ECF No. 33), and Ochsner's Motion to Dismiss (ECF No. 34) be **GRANTED**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 35).

## I.    Background

The case stems from a criminal case against Plaintiff in the 179th District Court of Harris County, Texas. (*See* ECF No. 1-2 at 37–39; ECF No. 29 at 2).

On February 6, 2026, Plaintiff filed the instant case against (1) Judge Collins, the judge presiding over Plaintiff's state court criminal case; (2) Teare, the Harris County District Attorney; (3) Platter, an Assistant District Attorney with the Harris County District Attorney's Office; (4) Moore, the attorney who represented Plaintiff in the criminal case; and (5) Ochsner, the Clerk of Court for the Southern District of Texas. (*See* ECF No. 1 at 2). Plaintiff's original Complaint asserted claims under 42 U.S.C. § 1983 and state law. (*See id.* at 3–4).

On February 23, 2026, Plaintiff filed a First Amended Complaint ("FAC") but named only Judge Collins as a defendant. (ECF No. 29 at 2). Plaintiff's FAC asserts three causes of action under 42 U.S.C. § 1983. (*Id.* at 4–5).

## II.    Legal Standard

### a.  Rule 12(b)(1)

A motion to dismiss made pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Whether a federal court has

2

jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *See Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777–78 (E.D. Tex. 2020). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

b. <u>Rule 12(b)(6)</u>

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater*

*Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

### III.    Discussion

#### a.  Moore's Motions to Dismiss (ECF Nos. 23–24)

Moore filed two Motions to Dismiss.  In the first, he argues Plaintiff's § 1983 claims against Moore should be dismissed because he is a private citizen and Plaintiff failed to plead Moore acted under color of state law.  (ECF No. 23 at 2).  In the second, Moore argues that, should the Court dismiss Plaintiff's § 1983 claims, the Court should then dismiss Plaintiff's state law claims for lack of subject matter jurisdiction.  (ECF No. 24 at 1–2).

As an initial matter, Plaintiff dropped Moore as a named defendant in the FAC, which effectively serves as a voluntary dismissal of Plaintiff's claims against Moore. *Thibideaux v. Gregg Cnty. Jail*, No. 6:23-cv-125, 2024 WL 6473081, at \*5 (E.D. Tex. Sep. 30, 2024), *report and recommendation adopted*, No. 6:23-cv-125, 2025 WL 2160147 (E.D. Tex. July 30, 2025) (citing *Spivey v. Wilson*, No. 5:17-cv-94, 2019 WL 5089683, at \*1–2 (E.D. Tex. Aug. 22, 2019)).

However, even if Plaintiff had maintained Moore as a defendant in the FAC, Plaintiff's claims should be dismissed. Plaintiff's original Complaint asserts a § 1983 claim for "Conspiracy/Joint Action" against Moore. (ECF No. 1 at 4). Plaintiff also asserts "in the alternative" the following state law claims: "breach of fiduciary duty, professional negligence, fraud/fee forfeiture, and breach of contract (as applicable)." (*Id.*).

To prevail on a § 1983 claim, a plaintiff must establish that: (1) she has been deprived of a right secured by the Constitution or the laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). "Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "However, it is possible, in limited circumstances, for a private individual to be considered a state actor." *Ross v. Bailey-Christian*, No. 3:25-

cv-356, 2025 WL 2304786, at *2 (S.D. Miss. July 24, 2025), *report and recommendation adopted*, No. 3:25-cv-356, 2025 WL 2298652 (S.D. Miss. Aug. 8, 2025) (citing *Ballard*, 413 F.3d at 518).

Here, Plaintiff appears to concede that Moore is a private individual but argues that his conduct can be fairly attributable to the State through the "joint action test." (*See* ECF No. 1 at 4). "[U]nder the 'joint action test', private actors will be considered state actors where they are 'willful participant[s] in joint action with the State or its agents.'" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). To maintain a claim that a private citizen is liable under § 1983 based on joint action with state officials, Plaintiff "must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing participant in joint activity with the state or its agents." *Pikaluk v. Horseshoe Ent., L.P.*, 810 F. App'x 243, 247 (5th Cir. 2020) (internal quotations omitted).

Here, Plaintiff's allegations against Moore in the original Complaint do not plausibly establish that Moore acted under color of state law. In the original Complaint, Plaintiff alleges that Moore facilitated "privilege

7

compromise," failed to file defensive motions, missed settings, and assisted the State's "coercive plea posture." (ECF No. 1 at 4).

This assertion is conclusory and lacks the factual specificity required to state a plausible claim. The original Complaint does not allege particular facts showing the existence of an agreement between Moore and any state actor to violate Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to state a claim under § 1983 against Moore, and that claim should be dismissed. *See Alcantara v. Pacillas*, No. 3:25-cv-438, 2026 WL 1223107, at *7 (W.D. Tex. Apr. 13, 2026), *report and recommendation adopted*, No. 25-cv-438, 2026 WL 1213822 (W.D. Tex. May 4, 2026) (finding a plaintiff failed to establish a private individual acted under color of state law where the plaintiff simply described the individual as using state processes instead of engaging in actions attributable to the State itself).

As to the state law claims, Plaintiff's Complaint "consists of little more than a laundry list of naming causes of action without any factual support and therefore fails to state a claim upon which relief can be granted." *Foreman v. City of Tyler, Tex.*, No. 6:24-cv-278, 2024 WL 4728910, at *1 (E.D. Tex. Sep. 5, 2024), re*port and recommendation adopted sub nom. Foreman v. City of Tyler, Tex., Water Utilities*, No. 6:24-cv-278, 2024 WL 4533557 (E.D. Tex. Oct. 21, 2024); *see also Adams v. City of Taft*, No. 2:22-cv-218, 2023 WL 2695398, at *7

8

(S.D. Tex. Feb. 28, 2023), *report and recommendation adopted*, No. 2:22-cv-218, 2023 WL 2695118 (S.D. Tex. Mar. 29, 2023) ("Plaintiff lists causes of action and conclusory [sic] asserts he was discriminated and retaliated against and harassed. . . . It is clear Plaintiff's complaint does not contain sufficient allegations but instead alleges certain causes of action in a conclusory fashion which is insufficient to survive the pending Motion.").

Because Plaintiff's FAC shows no mention of Moore, the Court recommends Moore's Motions to Dismiss (ECF Nos. 23–24) be granted and Plaintiff's claims against Moore be dismissed without prejudice. *See Spivey*, 2019 WL 5089683, at *2 (dismissing claims without prejudice where the operative complaint does not mention a party that was named in an earlier complaint).

b.  Judge Collins' Motion to Dismiss (ECF No. 32)

Judge Collins argues Plaintiff's claims against her should be dismissed because (1) Plaintiff lacks standing to bring claims against Judge Collins; (2) Plaintiff's claims are barred by judicial immunity; (3) Plaintiff's claims are barred by the *Younger* Abstention doctrine; and (4) Plaintiff fails to state a claim upon which relief may be granted.  (ECF No. 32 at 2).

The Court must address standing before evaluating any argument on the merits or any attack on the complaint's sufficiency.  *See Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 559–60 (1992); *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022) ("Standing is a matter of jurisdiction, and courts must assess their jurisdiction before turning to the merits."). Thus, the Court first considers whether Plaintiff has standing to bring her claims against Judge Collins. To satisfy Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. U.S. CONST. art. III, § 2, cl. 1; *see also Yan v. Texas*, No. 4:24-cv-579, 2025 WL 726582, at *6 (N.D. Tex. Jan. 16, 2025), *report and recommendation adopted*, No. 4:24-cv-579, 2025 WL 725267 (N.D. Tex. Mar. 6, 2025).

Here, Plaintiff alleges that Judge Collins denied Plaintiff access to court by not ruling on Plaintiff's *pro se* motions while she was represented by an attorney. (ECF No. 29 at 4–5). Plaintiff also alleges Judge Collins refused to "provide hearings and rulings necessary to access the court." (*Id.*).

Plaintiff's claims against Judge Collins fail to satisfy the case or controversy requirement of Article III. "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests," and the "requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Here, the conduct described by Plaintiff falls within the scope of Judge Collins' adjudicatory capacity.

10

"Without a case or controversy there is no standing, and without standing, no subject matter jurisdiction." *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018). As such, the Court recommends Judge Collins' Motion to Dismiss (ECF No. 32) be granted and Plaintiff's claims against Judge Collins be dismissed without prejudice.[2] *See Ehm v. San Antonio City Council*, 269 F. App'x 375, 376 (5th Cir. 2008) (affirming dismissal without prejudice a *pro se* plaintiff for lack of standing).

c. Teare and Platter's Motion to Dismiss (ECF No. 33)

Teare and Platter argue Plaintiff's claims should be dismissed because (1) it is insufficiently plead under Rule 8(a)(2); (2) Plaintiff's claims are barred by prosecutorial immunity; and (3) Plaintiff's claims are barred by the Eleventh Amendment. (ECF No. 33 at 5–11).

As with Moore, Plaintiff dropped Teare and Platter as named defendants in the FAC, which effectively serves as a voluntary dismissal of Plaintiff's claims against Teare and Platter. *Thibideaux*, 2024 WL 6473081, at *5 (citing *Spivey*, 2019 WL 5089683, at *1–2). However, even if Plaintiff had maintained

---

[2] Even if Plaintiff had standing to bring her claims against Judge Collins, dismissal is proper because she enjoys judicial immunity from civil actions for any judicial act over which her court has jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). While Plaintiff alleges she is suing Judge Collins for "non-judicial" conduct (ECF No. 29 at 5), it is clear that the complained-of conduct by Judge Collins was judicial in nature and was undertaken pursuant to the jurisdiction of her court. *See Yan*, 2025 WL 726582, at *7.

Teare and Platter as defendants in the FAC, Plaintiff's claims are barred by prosecutorial immunity.

Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Fennell v. Hernandez*, No. 22-cv-948, 2022 WL 18460769, at *2 (W.D. Tex. Dec. 28, 2022), *aff'd*, No. 23-50055, 2023 WL 4421382 (5th Cir. July 10, 2023) (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

Here, Plaintiff's allegations suggest that Plaintiff sues Teare and Platter for actions within the scope of their prosecutorial function. (*See* ECF No. 1 at 3–4 (alleging that Teare and Platter participated in the court's "refusal" to hear certain motions and refused to produce discovery)). Consequently, Teare and Platter's absolute prosecutorial immunity bars Plaintiff's claims. *See King v. Callaghan*, No. 4:22-cv-006, 2022 WL 2056276, at *6 (N.D. Tex. May 16, 2022), *report and recommendation adopted*, No. 4:22-cv-006, 2022 WL 2053170 (N.D. Tex. June 7, 2022) (citing *Buckley*, 509 U.S. at 273).

Because Plaintiff's FAC shows no mention of Teare and Platter, the Court recommends Teare and Platter's Motion to Dismiss (ECF No. 33) be

granted and Plaintiff's claims against Teare and Platter be dismissed without prejudice. *See Spivey*, 2019 WL 5089683, at *2 (dismissing claims without prejudice where the operative complaint does not mention a party that was named in an earlier complaint).

### d. Ochsner's Motion to Dismiss (ECF No. 34)

Ochsner argues Plaintiff's claims should be dismissed because (1) the facts alleged in Plaintiff's Complaint are conclusory and (2) Ochsner is entitled to qualified immunity. (ECF No. 34 at 4).

As with a few of the other defendants, Plaintiff dropped Ochsner as a named defendant in the FAC, which effectively serves as a voluntary dismissal of Plaintiff's claims against Ochsner. *Thibideaux*, 2024 WL 6473081, at *5 (citing *Spivey*, 2019 WL 5089683, at *1–2). However, even if Plaintiff had maintained Ochsner as a defendant in the FAC, Plaintiff's claims are barred by qualified immunity.

Ochsner currently serves as the Clerk of Court for the Southern District of Texas. Ochsner, as a court clerk, has "qualified immunity for . . . routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Here, Plaintiff alleges Ochsner refused "to accept and file removal-related documents" and "obstructed Plaintiff's access to federal court." (ECF No. 1 at 4). The conduct

13

described by Plaintiff falls within the scope of performing routine functions of a court clerk. As such, Plaintiff's claims against Ochsner are barred by qualified immunity. *See Pellegrin v. Brewster*, No. 26-cv-391, 2026 WL 827720, at *2–3 (E.D. La. Mar. 9, 2026), *report and recommendation adopted*, No. 26-cv-391, 2026 WL 822502 (E.D. La. Mar. 25, 2026) (collecting cases).

Because Plaintiff's FAC shows no mention of Ochsner, the Court recommends Ochsner's Motion to Dismiss (ECF No. 34) be granted and Plaintiff's claims against Ochsner be dismissed without prejudice. *See Spivey*, 2019 WL 5089683, at *2 (dismissing claims without prejudice where the operative complaint does not mention a party that was named in an earlier complaint).

e. Other Pending Motions

Also pending before the Court is Teare and Platter's Motion for Extension of Time (ECF No. 20), Plaintiff's Motion for Clerk's Entry of Default (ECF No. 21), Plaintiff's Motion for Reconsideration Order Setting Aside Default (ECF No. 28), Plaintiff's Motion to Strike Moore's Motions to Dismiss (ECF No. 30), Plaintiff's Motion to Strike Answer (ECF No. 31), Plaintiff's Second Motion to Strike Motion to Dismiss (ECF No. 40), Plaintiff's Second Motion to Strike Answer (ECF No. 41), Plaintiff's Motion to Vacate or Limit Order Referring Case to Magistrate Judge (ECF No. 45), and Plaintiff's Motion

14

for Leave to file Sur Reply (ECF No. 47).   In light of the Court's recommendations, the Court **DENIES AS MOOT** each of these motions (ECF Nos. 20–21, 28, 30–31, 40–41, 45, 47).

## IV.   Leave to Amend

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).   The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.   *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

"Although leave to amend should not be automatically granted, '[a] district court must possess a substantial reason to deny a request for leave to amend[.]'" *Tucker Energy Servs., USA, Inc. v. Ricoh Americas Corp.*, No. 4:12-cv-0417, 2012 WL 2403513, at \*1 (S.D. Tex. June 25, 2012) (quoting *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).   Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

15

deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."

Here, Plaintiff's FAC only asserts claims as to Judge Collins. Allowing Plaintiff leave to amend would be futile because Judge Collins has judicial immunity. Further, while not named in the FAC, Teare, Platter, and Ochsner are also immune from Plaintiff's claims.

While Moore is not immune to Plaintiff's claims, Plaintiff has essentially dismissed her claims against Moore by not including him as a defendant in her FAC. Further, in response to Moore's Motions to Dismiss, Plaintiff has not presented argument as to how she would amend her complaint a second time to overcome the deficiencies identified above. (*See* ECF Nos. 30, 40, 42).

As such, the Court finds that any further amendment would be futile. *See Franklin v. City of Paris Police Dep't*, No. 4:22-cv-161, 2023 WL 5734935, at \*4 (E.D. Tex. Aug. 3, 2023), *report and recommendation adopted*, No. 4:22-cv-161, 2023 WL 5725520 (E.D. Tex. Sep. 5, 2023) (finding amendment would be futile when plaintiff cannot overcome an immunity argument).

## V.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Moore's Motions to Dismiss (ECF Nos. 23–24), Judge Collins' Motion to Dismiss (ECF No. 32), Teare and Platter's Motion to Dismiss (ECF No. 33), and Ochsner's Motion to

Dismiss (ECF No. 34) be **GRANTED**.  The Court **RECOMMENDS** Plaintiff's FAC (ECF No. 29) be **DISMISSED WITHOUT PREJUDICE**.

The Court **DENIES AS MOOT** all other pending motions (ECF Nos. 20–21, 28, 30–31, 40–41, 45, 47).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 7, 2026.

Richard W. Bennett
United States Magistrate Judge

17